# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**FILED**

**March 15, 2019**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

*In re* **L.S., C.S.-1, and C.S.-2**

**No. 18-0911** (Wood County 17-JA-245, 17-JA-246, and 17-JA-247)

## MEMORANDUM DECISION

Petitioner Mother T.S., by counsel Jessica E. Myers, appeals the Circuit Court of Wood County's September 12, 2018, order terminating her parental rights to L.S., C.S.-1, and C.S.-2.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Brandolyn N. Felton-Ernest, filed a response in support of the circuit court's order. The guardian ad litem ("guardian"), Katrina M. Christ, filed a response on behalf of the children in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in denying her motion for a post-dispositional improvement period and terminating her parental rights instead of granting her a less-restrictive dispositional alternative.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On September 8, 2017, the DHHR filed an abuse and neglect petition alleging that petitioner abused substances throughout her pregnancy with L.S.; tested positive for heroin, fentanyl, THC, methamphetamine, and amphetamines on her prenatal drug screens; and admitted that she used heroin approximately one week prior to giving birth. Child Protective Services ("CPS") initiated a protection plan that prohibited petitioner from being alone with the newborn child at any time. However, petitioner violated the terms of the protection plan on one occasion when she was alone with the child in a vehicle. The DHHR alleged that petitioner was unable to properly care for and supervise the children.

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W. Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W. Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990). Additionally, because two of the children share the same initials, they will be referred to as C.S.-1 and C.S.-2, respectively, throughout this memorandum decision.

1

On November 6, 2017, the circuit court held an adjudicatory hearing during which petitioner stipulated to the allegations of abuse and neglect and was granted a post-adjudicatory improvement period. Subsequent review hearings were held and petitioner was ordered to continue to participate in her post-adjudicatory improvement period until April of 2018, when the improvement period expired. During a hearing held on April 16, 2018, the DHHR informed the circuit court that petitioner overdosed on heroin while attending a substance abuse treatment program. Both the DHHR and the guardian objected to petitioner receiving any additional services or transportation to treatment. However, the circuit court ordered that petitioner continue to participate in drug screens and find her own transportation to substance abuse treatment, if she wished to continue to participate. Additionally, the DHHR and the guardian jointly moved to discontinue visitation between petitioner and the children, which the circuit court granted.

On May 21, 2018, the circuit court held a dispositional hearing during which petitioner requested a post-dispositional improvement period. Both the DHHR and the guardian opposed petitioner's motion. The circuit court held petitioner's motion in abeyance and continued the dispositional hearing. On June 25, 2018, the circuit court held a final dispositional hearing in the matter. The DHHR moved for petitioner to immediately take a drug screen at the probation office, which the circuit court granted. After a short recess to enable petitioner to take the drug screen, the hearing resumed and the drug screen came back positive for methamphetamine and amphetamine. Petitioner admitted to using substances and did not challenge the results of the screen. Evidence was presented that petitioner completed a twenty-eight-day substance abuse treatment program a week prior to the dispositional hearing. However, upon her release from the program, petitioner resumed her substance use. In its dispositional order, the circuit court noted that petitioner "continues to choose substances over her children." The circuit court found no reasonable likelihood that petitioner could substantially correct the conditions of abuse and neglect in the near future due to her substance abuse issues. The circuit court further found that it was in the children's best interests to terminate petitioner's parental rights and that the children needed continuity of care and caretakers. Ultimately, the circuit court denied petitioner's motion for a post-dispositional improvement period and terminated her parental rights in its September 12, 2018, dispositional order.[2] It is from this order that petitioner appeals.

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire

---

[2]C.S.-1 and C.S.-2's father's parental rights were also terminated. According to respondents, the permanency plan for those children is adoption by their paternal grandparents. L.S.'s father is participating in an improvement period. According to respondents, the permanency plan for that child is reunification with his father. The concurrent permanency plan for L.S. is adoption by his current foster family.

evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011). Upon our review, this Court finds no error in the proceedings below.

First, petitioner argues that the circuit court erred in denying her motion for a post-dispositional improvement period. In support, petitioner acknowledges her substance abuse issues and asserts that she needs additional time to continue to seek treatment. We do not find this argument persuasive.

West Virginia Code § 49-4-610(3)(D) provides that when a parent has previously been granted an improvement period, the parent must prove that "since the initial improvement period, the [parent] has experienced a substantial change in circumstances" and that "due to that change in circumstances, the [parent] is likely to fully participate in the improvement period[.]" Additionally, we have stated that "West Virginia law allows the circuit court discretion in deciding whether to grant a parent an improvement period." *In re M.M.*, 236 W. Va. 108, 115, 778 S.E.2d 338, 345 (2015). Here, petitioner failed to provide evidence that she experienced a change in circumstances that would have demonstrated that she was likely to fully participate in a post-dispositional improvement period. In fact, petitioner continued to abuse substances throughout the proceedings. While she argues that she "made progress in her treatment and was continuing to seek treatment," the record shows that following her completion of a treatment program, petitioner resumed her substance abuse. Based on this evidence, the circuit court did not err in denying petitioner's motion for a post-dispositional improvement period.

Next, petitioner argues that the circuit court erred in terminating her parental rights instead of granting her a less-restrictive dispositional alternative. Petitioner admits that at the time of the dispositional hearing, she was "still struggling with substance abuse but was attempting to correct that deficiency." Petitioner contends that due to her efforts to seek treatment for substance abuse, "there is a definite and reasonable likelihood that [she] can substantially correct the conditions of abuse and neglect in the near future." We disagree.

West Virginia Code § 49-4-604(b)(6) provides that circuit courts are to terminate parental rights upon findings that there is "no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future" and that termination is necessary for the children's welfare. West Virginia Code § 49-4-604(c)(1) clearly indicates that a situation where there is no reasonable likelihood that the conditions of abuse and neglect can be substantially corrected includes one in which the abusing parent has "habitually abused or [is] addicted to alcohol, controlled substances or drugs, to the extent that proper parenting skills have been seriously impaired and the person or persons have not responded to or followed through the recommended and appropriate treatment which could have improved the capacity for adequate parental functioning[.]" As discussed above, petitioner failed to overcome her substance

3

addiction during the proceedings. The record shows that petitioner completed a substance abuse treatment program, but resumed her substance abuse after she was discharged from the program. The circuit court specifically found that petitioner "continues to choose substances over her children." Based on the evidence of petitioner's continued substance abuse, it is clear that there was no reasonable likelihood that petitioner could substantially correct the conditions of abuse and neglect in the near future and that the termination of her parental rights was in the children's best interests.

Further, while petitioner argues that "given [her] efforts, a less drastic dispositional alternative should have been applied in this case," we have held that

> "[t]ermination of parental rights, the most drastic remedy under the statutory provision covering the disposition of neglected children, [West Virginia Code § 49-4-604] . . . may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood under [West Virginia Code § 49-4-604(c)] . . . that conditions of neglect or abuse can be substantially corrected." Syllabus point 2, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980).

Syl. Pt. 5, *In re Kristin Y.*, 227 W. Va. 558, 712 S.E.2d 55 (2011). Therefore, we find no error in the circuit court's termination of petitioner's parental rights.

Lastly, because L.S.'s father's abuse and neglect proceedings are ongoing, this Court reminds the circuit court of its duty to establish permanency for the child. Rule 39(b) of the Rules of Procedure for Child Abuse and Neglect Proceedings requires:

> At least once every three months until permanent placement is achieved as defined in Rule 6, the court shall conduct a permanent placement review conference, requiring the multidisciplinary treatment team to attend and report as to progress and development in the case, for the purpose of reviewing the progress in the permanent placement of the child.

Further, this Court reminds the circuit court of its duty pursuant to Rule 43 of the Rules of Procedure for Child Abuse and Neglect Proceedings to find permanent placement for the child within twelve months of the date of the dispositional order. As this Court has stated,

> [t]he [twelve]-month period provided in Rule 43 of the West Virginia Rules of Procedure[] for Child Abuse and Neglect Proceedings for permanent placement of an abused and neglected child following the final dispositional order must be strictly followed except in the most extraordinary circumstances which are fully substantiated in the record.

*Cecil T.*, 228 W. Va. at 91, 717 S.E.2d at 875, syl. pt. 6. Moreover, this Court has stated that

> [i]n determining the appropriate permanent out-of-home placement of a child under [West Virginia Code § 49-4-604(b)(6)], the circuit court shall give priority to securing a suitable adoptive home for the child and shall consider other

4

placement alternatives, including permanent foster care, only where the court finds that adoption would not provide custody, care, commitment, nurturing and discipline consistent with the child's best interests or where a suitable adoptive home can not be found.

Syl. Pt. 3, *State v. Michael M.*, 202 W. Va. 350, 504 S.E.2d 177 (1998). Finally, "[t]he guardian ad litem's role in abuse and neglect proceedings does not actually cease until such time as the child is placed in a permanent home." Syl. Pt. 5, *James M. v. Maynard*, 185 W. Va. 648, 408 S.E.2d 400 (1991).

For the foregoing reasons, we find no error in the decision of the circuit court, and its September 12, 2018, dispositional order is hereby affirmed.

Affirmed.

**ISSUED**: March 15, 2019

**CONCURRED IN BY**:

Chief Justice Elizabeth D. Walker
Justice Margaret L. Workman
Justice Tim Armstead
Justice Evan H. Jenkins
Justice John A. Hutchison